IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CODY HOLTZ, | § | |
| | § | |
| *Plaintiff,* | § | SA-22-CV-01356-OLG |
| | § | |
| vs. | § | |
| | § | |
| MENCAR OTR LLC., JULIO | § | |
| SALDIVAR, DIRECTOR OF BUSINESS, | § | |
| | § | |
| *Defendants.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil Complaint, filed December 19, 2022 [#1].  The motion was automatically referred to the undersigned upon filing for disposition and review of Plaintiff's Complaint for frivolousness pursuant to 28 U.S.C. § 1915(e).  The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A).  By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs.  Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP but order Plaintiff to file a More Definite Statement prior to ordering service on Defendants.

### **I.  Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is self-employed but does not have sufficient income to cover his monthly expenses.  The information provided demonstrates that Plaintiff does not have sufficient resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.  The Court will therefore order that Plaintiff's Complaint be docketed, but service upon Defendants will be withheld pending this Court's review of Plaintiff's claims under § 1915(e).

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's Complaint states that he is suing Defendants regarding violations of federal Truth-in-Leasing regulations.  The lease at issue pertains to a truck Plaintiff leases for his business.  Plaintiff alleges that Defendant failed to sign the governing lease and provide him with copies of the lease or, if there is no executed lease, Defendant is unlawfully withholding his intended lease payments.

The regulations invoked by Plaintiff impose requirements and prohibitions on lease agreements between motor carriers and owner-operators in the trucking industry.  *See generally*

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] 28 U.S.C. § 1915(e) does not make frivolousness review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP.  However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

49 C.F.R. Part 376. "A primary goal of the Truth–in–Leasing regulations is to prevent large carriers from taking advantage of owner-operators' inferior bargaining position." *Tayssoun Transp., Inc. v. Universal Am-Can, Ltd.*, No. CIV.A. H-04-1074, 2005 WL 1185811, at \*12 (S.D. Tex. Apr. 20, 2005) (citing *Owner–Operator Indep. Drivers Ass'n v. Swift Transp. Co.*, 367 F.3d 1108, 1110 (9th Cir. 2004)).

Th Interstate Commerce Commission Termination Act of 1995 ("ICCTA") transferred the authority to regulate interstate motor carriers to the Federal Highway Administration within the United States Department of Transportation, and this entity administers and enforces the Truth-in-Leasing regulations. 49 U.S.C. § 13501. The ICCTA provides generally for actions against carriers regulated under Chapter 135 (the chapters of the United States Code governing federal jurisdiction over motor carriers engaged in various types of transportation of passengers, property or both) for "damages sustained by a person as a result of an act or omission of that carrier . . . in violation of this part." 49 U.S.C. § 14704(a)(2); *see also* 49 U.S.C. § 13501 (specifying over which types of motor carriers there is federal jurisdiction).

Plaintiff has not identified which provisions of the Truth-in-Lending regulations he believes Defendants have violated. Nor has Plaintiff pleaded facts establishing that he runs a motor carrier company regulated under Chapter 135. Finally, Plaintiff has not established his standing to sue under federal law for the alleged violations, which requires a showing of damages as a result of the violation, i.e., economic injury. *Owner Operator Indep. Drivers Ass'n, Inc. v. FFE Transp. Servs., Inc.*, 245 F.R.D. 253, 255 (N.D. Tex. 2007). The Court will therefore order Plaintiff to file a More Definite Statement with this information.

The Court notes that Plaintiff attaches two additional motions to his motion to proceed IFP—a motion for an injunction and temporary restraining order [#3] and a motion for

permission to file electronically [#4].  On December 22, 2022, however, Plaintiff filed a motion to withdraw the motion for the injunction and restraining order [#2], informing the Court that the "status quo has changed."  The motion to withdraw does not indicate that Plaintiff is abandoning the claims asserted in his Complaint, only the motion for the preliminary emergency relief. However, in light of the reference to changed circumstances, the Court will order Plaintiff to file a More Definite Statement to supplement his factual allegations and to clarify whether the changed circumstances have mooted his asserted claims in his Complaint.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.  Service upon Defendants should be withheld pending this Court's review under § 1915(e).

**IT IS FURTHER ORDERED** that on or before **January 26, 2023**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court.  Plaintiff is reminded to keep his statement **"short and plain,"** detailing only the facts relevant to his claims.  *See* Fed. R. Civ. P. 8(a)(2).  In this More Definite Statement, Plaintiff should include the following information:

- What provisions of the Truth-in-Lending regulations do you believe Defendants have violated?  What actions have Defendants taken or not taken with respect to the lease agreement at issue that have caused you harm?

- What facts establish that the Truth-in-Lending regulations apply to your lease agreement with Defendants?  Please plead facts regarding the motor carrier transportation at issue, specifically (1) what you transport and (2) between what two points you transport it.

4

- How have you been injured by the alleged violations?  What damages have you suffered?

- Have the changed circumstances referenced in your motion to withdraw affected this case and the damages you are asserting?

Plaintiff shall include the following declaration at the end of his more definite statement:

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on this _____ day of _____2023.

_____
Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  If Plaintiff does not wish to file a More Definite Statement or wishes to voluntarily dismiss this lawsuit, he may request voluntary dismissal of his Complaint pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 6th day of January, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE