IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CODY HOLTZ, | § | |
| *Plaintiff,* | § § § | SA-22-CV-01356-OLG |
| vs. | § § | |
| MENCAR OTR LLC., JULIO SALDIVAR, DIRECTOR OF BUSINESS; | § § § | |
| *Defendants.* | § § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns the above-styled cause of action, which was referred to the undersigned for disposition of Plaintiff's motion to proceed *in forma pauperis* ("IFP") and a review of the pleadings under 28 U.S.C. § 1915(e). The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be dismissed for failure to prosecute and for failure to follow a Court order.

## I. Analysis

Plaintiff initiated this action, proceeding *pro se*, on December 19, 2022, by filing a motion to proceed IFP, along with his proposed Complaint. On January 6, 2023, the undersigned granted the motion and ordered Plaintiff's Complaint docketed. However, the Court ordered service on Defendants be withheld pending the Court's review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) and ordered Plaintiff to file a more definite statement to clarify his allegations. The undersigned's order directed Plaintiff to file the more definite statement on or

1

before January 26, 2023, addressing specific questions posed by the Court. In the order, the Court warned Plaintiff that a failure to file the ordered more definite statement could result in his case being dismissed for failure to prosecute. To date, Plaintiff has not filed the ordered more definite statement or any other document with the Court.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b). In light of Plaintiff's failure to respond to the Court's Order to file a more definite statement to address the deficiencies identified in his Complaint, the Court will recommend that Plaintiff's claims be dismissed for want of prosecution and for failure to follow an order of the Court pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.  Conclusion and Recommendation

Having considered the record in the above-styled case, the undersigned recommends that this case be **DISMISSED** for want of prosecution and for failure to follow a Court order.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections are limited to no more than 20 pages unless leave of court is granted. The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which

objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of February, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE